U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL REYES, ) | |
|     *Plaintiff,* ) | CASE NO: 3:19-CV-01207-KAD |
| ) | |
| v. ) | |
| ) | |
| RECEIVABLES PERFORMANCE ) | SEPTEMBER 15, 2020 |
| MANAGEMENT, LLC, ) | |
|     *Defendant.* ) | |

**DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

On June 7, 2020, Plaintiff Paul Reyes ("Plaintiff") filed his First Amended Complaint ("FAC") and alleged that Defendant Receivables Performance Management, LLC ("RPM") altered the account number on a debt owed to DirecTV ("DTV") in conjunction with another third party reporting the same debt but also using a different account number for the DTV debt. On July 27, 2020, RPM filed a thorough and detailed Answer to Plaintiff's FAC, and attached declarations and account notes from RPM and the alleged third party co-conspirator establishing that Plaintiff's allegations are utterly meritless.

More than 21 days have elapsed, and Plaintiff has not filed any response to RPM's Answer. Thus, RPM requests this Court grant judgment in favor of RPM and against Plaintiff in this matter.

**I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

Plaintiff filed his FAC on June 7, 2020, wherein plaintiff makes several incomplete and conclusory assertions regarding debt collection and credit reporting information, and claims that

1

RPM violated the FDCPA. (Doc. No. 26.)[1] Plaintiff alleges that, on or about March 2018, RPM placed a credit entry on Plaintiff's credit report regarding a $254 debt owed to DTV, but changed the account number to 5858****, and that RPM continued to report this information to the credit agencies month after month. (FAC at ¶¶ 11–12.) Plaintiff alleges further that on or about February 2019, another agency, IC System, Inc. ("ICS"), sought to collect on the same $254 debt. (*Id.* at ¶ 13.) Plaintiff alleges ICS also changed the DTV account number and placed a credit entry on Plaintiff's credit report for the same $254 debt, this time using account number 9598****. Plaintiff alleges that RPM and ICS both changed the DTV account numbers with the express intent of creating a double reporting situation that would cause Plaintiff's credit score to decrease further and pressure him into paying his DTV debt. (*Id.*) Plaintiff does not dispute that he owed DTV $254. (*Id.* at ¶ 14.)

Plaintiff makes alternative allegations that (1) RPM was aware that DirecTV was going to place the debt with another agency but did nothing to prevent RPM's information from being reported on Plaintiff's credit report, and (2) that RPM attempted to remove its credit information by sending a deletion request to the credit reporting agencies, but never verified that its information was deleted from Plaintiff's credit report. (*Id.*) Plaintiff maintains that the alleged double reporting is "false, deceptive, and misleading to the least sophisticated consumer and third parties." (*Id.* at ¶ 17.)

On July 27, 2020, RPM filed its Answer and Affirmative Defenses to Plaintiff's FAC. (Doc. No. 31.) RPM denied the substantive allegations of Plaintiff's FAC and, importantly,

---

[1] It is critically important to keep in mind that all of the alleged wrongdoings must exist in some documentary form; yet Plaintiff did not provide any of the relevant documents. Indeed if these allegations were true, Plaintiff and/or his counsel not only would have reviewed the documentation, they would have attached it to the Complaint to support a Motion for Judgment on the Pleadings in favor of Plaintiff. Instead, Plaintiff failed to provide this Court with any documentary evidence to support any of these allegations. It will be equally revealing whether Plaintiff provides any documentary evidence in response to the present motion.

attached and referenced the following exhibits: (a) Declaration of Jana Meyer ("Meyer Declaration"); (b) RPM Account Notes ("RPM Notes"); (c) Declaration of Mike Selbitschka ("Selbitschka Declaration"); and (d) ICS Account Notes ("ICS Notes"). These exhibits establish important incontrovertible facts. First, they establish that both RPM and ICS reported Plaintiff's DTV debt using the DTV account number ending in 3650. (*See* Doc. No. 31-1 at 6; *see id.* at 3, ¶¶ 13, 15; *see* Doc. No. 31-3 at 6; *see also id.* at 3, ¶¶ 13, 15.) Second, these documents establish that the phony "account numbers" theory Plaintiff alleges RPM and ICS conspired about, 5858**** and 9598****, are actually RPM's and ICS's respective internal debt reference numbers. (*See* Doc. No. 31-1 at 6; *see id.* at 3, ¶ 14; *see* Doc. No. 31-3 at 6; *see also id.* at 3, ¶ 14.) Third, the exhibits establish that the dates on which RPM and ICS reported the DirecTV debt did not overlap.

|  | RPM Credit Reporting | ICS Credit Reporting |
|---|---|---|
| First Reported | May 12, 20**18**[2] | April 7, 20**19**[3] |
| Last Reported | January 5, 2019[4] | July 7, 2019[5] |
| Deletion Requested | February 23, 2019[6] | July 7, 2019[7] |

---

[2] *See* Doc. No. 31-1 at 3, ¶ 16; Doc. No. 32-2 at 3, 13.
[3] *See* Doc. No. 31-4 at 2.
[4] *See* Doc. No. 31-1 at 3, ¶ 17; Doc. No. 32-2 at 3, 4
[5] *See* Doc. No. 31-4 at 2.
[6] *See* Doc. No. 31-1 at 4, ¶ 18; Doc. No. 32-2 at 3, 4.
[7] *See* Doc. No. 31-4 at 2.

## II. LEGAL STANDARD

### a. The Least Sophisticated Consumer under the FDCPA.

"[T]he question of whether a debt collector's action violates the FDCPA is determined objectively from the viewpoint of the 'least sophisticated consumer.'" *Carubia v. Cohen & Slamowitz*, No. 1:14-CV-501 (DNH), 2015 U.S. Dist. LEXIS 7700, at *5 (N.D.N.Y. Jan. 23, 2015) (quoting *Zimmerman v. Portfolio Recovery Assocs., LLC*, 276 F.R.D. 174, 177 (S.D.N.Y. 2011)). "[T]he least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world . . . ." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). "Accordingly, the FDCPA's protections do not extend to bizarre or idiosyncratic interpretations of collection . . . practices." *Carubia*, 2015 U.S. Dist. LEXIS 7700, at * 5 (citation and internal quotation marks omitted). And the least sophisticated consumer is neither brain dead, nor a "dolt." *Ellis*, 591 F.3d at 135. "Applied thusly, the least sophisticated consumer standard accounts for the principal purposes of the FDCPA, namely: (1) to 'protect the most vulnerable population of debtors from abusive and misleading practices' by debt collectors, [] and (2) to 'protect [] debt collectors from unreasonable constructions of their communications." *Tzanetis v. Weinstein & Riley, P.S.*, No. 3:09-CV-00413 (DJS), 2010 U.S. Dist. LEXIS 115689, at *8 (D. Conn. Oct. 26, 2010) (citations omitted).

### b. The Standard of Review Under Fed. R. Civ. P. 12(c).

"The standard for judgment on the pleadings is essentially the same as the standard applied to a motion to dismiss under [the] Federal Rule[s] of Civil Procedure." *Breen v. Howard Lee Schiff, P.C.*, No. 3:11-CV-1183 (VLB), 2012 U.S. Dist. LEXIS 85340, at *6 (D. Conn. June 20, 2012) (citing *Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009)). "On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter

of which the court can take judicial notice of the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)) (internal quotation marks omitted). Fed. R. Civ. P. 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." *Faiaz v. Colgate Univ.*, 64 F. Supp. 3d 336, 345 (N.D.N.Y. 2014). Therefore, "[a]s 'part of' the answer, any instruments attached thereto would then be considered in a motion for judgment on the pleadings." *Id.* "The Court must accept as true all of the factual allegations in the complaint." *Breen*, 2012 U.S. Dist. LEXIS 85340, at *6. "However, the court should not accept legal conclusions as true: threadbare recitals of the elements to a cause of action, supported by mere conclusory statements, do not suffice." *Nat'l Resources Def. Council v. Dep't of Interior*, 401 F. Supp. 3d 528, 591 (S.D.N.Y. 2019) (citation and internal quotation marks omitted). "The Complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim to relief is plausible on its face 'when the plaintiff pleads fact[s] . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at *6–7 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

### III.  LEGAL ARGUMENT

Based on the allegations and evidence presented by way of the pleadings in this matter, it is a logical impossibility for anyone to conclude RPM violated the FDCPA as Plaintiff alleges. Plaintiff alleges in a conclusory manner that RPM's double reporting of Plaintiff's DTV debt violated §§ 1692d, 1692e(2)(A) and (8)–(10), and 1692f of the FDCPA. Plaintiff's allegations refer to a credit report that apparently shows the DTV debt was in fact double reported (*see* FAC at ¶ 21), but Plaintiff did not attach that "smoking gun" evidence to the FAC or provide any

information regarding the source of that report (i.e., Experian, Equifax or Transunion). On the other hand, RPM attached concrete, clear and convincing evidence to its Answer establishing RPM did not conspire with ICS to change the DTV account number, or double report the DTV debt. Accordingly, Plaintiff's FDCPA claims fail. Therefore, RPM asks this Court to grant its Motion for Judgment on the Pleadings.

### a. RPM Did Not Violate § 1692d

Plaintiff alleges RPM intentionally engaged in a collection campaign aimed at harassing and oppressing him by conspiring with ICS to change the DTV account number, or double report the DTV debt in violation of § 1692d. As the exhibits attached to RPM's Answer clearly establish, however, not only was there no change to the DTV account reported, RPM and ICS did not report the DTV account at the same time.

15 U.S.C. § 1692d prohibits harassment or abuse in connection with the collection of a debt. Specifically, the section provides: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The section also includes a non-exhaustive list of conduct that violates the section. *See id.* at § 1692d(1)–(6). Though non-exhaustive, the examples of conduct that violate the section "serve as a guide for the Court in assessing the plausibility of [a plaintiff's] claims under Section 1692d." *Garcia v. Law Offices of Howard Lee Schiff*, No. 3:16-CV-00791 (VAB), 2017 U.S. Dist. LEXIS 48071, at *12 (D. Conn. Mar. 30, 2017) (citing *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 390 (E.D.N.Y. 2011)). To establish a claim under this section of the FDCPA, "a plaintiff must present non-conclusory allegations about a debt collector's allegedly harassing or abusive conduct." *Id.* at *11 (citing *Shetiwy v. Midland Credit Mgmt.*, 980 F. Supp. 2d 461, 472 (S.D.N.Y. 2013)).

Here, the exhibits attached to RPM's Answer establish that RPM and ICS reported the DTV debt using the same DTV account number ending in 3650. More importantly, the exhibits clearly establish that RPM and ICS were not reporting the DTV account at the same time. (*See* Doc. No. 31-1, at 3, ¶¶ 16–18; Doc. No. 31-2 at 3; Doc. No. 31-4 at 2.) Based on this clear and convincing evidence, Plaintiff's allegation regarding a lost June 2019 job promotion that turned into a demotion based on a credit report that showed both RPM and ICS reporting the DTV account at the same time (*see* FAC at ¶¶ 18–20) is simply unbelievable – especially when Plaintiff has not provided and cannot provide the Court with this documentation.

Even if there were a credit report, which RPM has never seen, even the least sophisticated consumer would see clearly the same DTV account number and, thus, no one reading Plaintiff's credit report would be lead to believe that he was delinquent on two debts of $254. Going even further and assuming there was a credit report and RPM and ICS changed the DTV account numbers, even the least sophisticated consumer would see the two tradeline entries referring to DTV for an identical balance. No one could credibly believe Plaintiff had two identical delinquent balances owed to the same person, but they were different accounts.

In addition, both the Meyer Declaration and the RPM Notes show that RPM reported the debt to the credit reporting agencies between May 12, 2018 and January 5, 2019, (*see* Doc. No. 31-1 at 3, ¶¶ 16–17; Doc. No. 31-2 at 3, 4–13), and the ICS Notes show that ICS reported the debt between April 7, 2019 and July 7, 2019 (*see* Doc. No. 31-4 at 2). Therefore, there is a clear gap in time between when RPM stopped reporting the debt and ICS began reporting the debt.

In alleging the FDCPA violations, Plaintiff unreasonably overlooks this gap between when RPM and ICS reported the debt and, instead, relies on a credit report that he failed to attach to the Complaint. With RPM's exhibits, the pleadings show RPM did not double report the debt and,

therefore, Plaintiff cannot prove RPM harassed, oppressed, or abused him in any way. Accordingly, the Court should grant RPM's Motion for Judgment on the Pleadings.[8]

### b. RPM Did Not Violate § 1692e

Plaintiff alleges RPM violated several provisions of § 1692e by double reporting Plaintiff's DTV debt. (*See* FAC at ¶¶ 25–28.) As the exhibits included with RPM's Answer make clear, however, RPM and ICS reported Plaintiff's DTV debt using the same account number and never reported the debt at the same time. Therefore, the Court cannot infer reasonably any facts establishing RPM used false, deceptive, or misleading representations or means in attempting to collect the DTV debt. Plaintiff has not stated a plausible claim for violation of 15 U.S.C. § 1692e(2)(A) and (8)–(10), and the Court should grant RPM's Motion for Judgment on the Pleadings.

Section 1692e precludes the use of false, deceptive, or misleading representations or means in connection with the collection of any debt. *See* 15 U.S.C. § 1692e. The Section provides a non-exhaustive list of sixteen examples of conduct that violate the Section. *See id.* at § 1692e(1)–(16). Relevant here are subsections (2)(A), (8), (9), and (10).

Section 1692e(2)(A) provides:

"The false representation of – (A) the character, amount, or legal status of any debt" violates the Section.

Section 1692e(8) provides:

"Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" violates the Section.

---

[8] Moreover, using the six examples of harassing conduct listed in Section 1692d as a guide, the Court should conclude that the alleged double reporting of Plaintiff's DTV debt did not harass, oppress, or abuse Plaintiff. The sole allegation under Section 1692d in the FAC is that the double reporting of Plaintiff's DTV debt harassed and oppressed Plaintiff. (*See* FAC at ¶ 30.) The alleged double reporting does not include any conduct similar in seriousness to threats of violence, profanity, public advertisements about Plaintiff, or the use of abusive and repeated telephone calls. Therefore, Plaintiff has failed to establish a plausible claim for violation under Section 1692d. *See Lane*, 767 F. Supp. 2d at 390 (dismissing claims under Section 1692d where "none of the conduct alleged by the plaintiffs is similar in seriousness" to the examples listed in Section 1692d); *Garcia*, 2017 U.S. Dist. LEXIS 48071, at *12–13 (same).

Section 1692e(9) provides:

"The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval" violates the Section.

Section 1692e(10) provides:

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" violates the Section.

It is critical to this Court's analysis of these allegations to know that "it is not false, deceptive, or misleading for [a debt collector] to tell a consumer credit reporting agency that it attempted to collect a debt that [plaintiff] concedes is valid even if that leads to two records relating to the same debt in [plaintiff's] credit report." *Kohut v. Trans Union, LLC*, No. 04-C-2854 (BMM), 2004 U.S. Dist. LEXIS 15724, at *8 (N.D. Ill. Aug. 9, 2004); *see also Reyes v. IC Sys., Inc.*, No. 3:19-CV-01206 (JAM), 2019 U.S. Dist. LEXIS 207563, at *3–4 (D. Conn. Dec. 3, 2019)[9] (citing *Kohut* and concluding that "there would be by definition no 'false or misleading' representation actionable under the FDCPA" where the credit report truthfully stated "that two different debt collectors were seeking the same debt and the credit reporting agency elected, for the purposes of its own reporting, to report the facts of those two collection attempts as twice the debt burden").

Here, Plaintiff's claim for a violation of Section 1692e must fail because the exhibits included in RPM's Answer make clear RPM did not use any false, misleading, or deceptive means or representations in connection with collecting the DTV debt. The basis for each claim under Section 1692e is the allegation that RPM double reported the debt; however, as explained above,

---

[9] This is a Related Case to this matter. It involves the same Plaintiff, Plaintiff's Counsel and Defense Counsel. Also the allegations against ICS in its matter are the companion allegations to this matter. It is quite telling why Plaintiff brought these actions separately, even though he now is alleging RPM and ICS conspired against Plaintiff relative to the same nucleus of operative facts. Plaintiff also did not attach the any Credit Report to the Complaints in the ICS matter either.

RPM never double reported the debt. The exhibits confirm RPM and ICS reported the debt using the same DTV account number—that ending in 3650—and there was never an overlap in dates when RPM and ICS reported the debt. (*See* Doc. No. 31-1 at 3, ¶¶ 13, 15–17; *id.* at 6; *see* Doc. No. 31-3 at 3, ¶¶ 13, 15; *id.* at 6.) Plaintiff's assertion that RPM's and ICS's internal reference numbers made it appear as if Plaintiff owed two separate debts is a bizarre interpretation given that the RPM and ICS Notes show clearly that both entities reported the debt using the same DTV account number. Because the exhibits establish RPM did not double report the debt, the Court cannot infer reasonably that RPM engaged in any conduct that was false, deceptive, or misleading.

Moreover, Plaintiff does not contend RPM inaccurately reported the $254 delinquency. Instead, he claims the effect of RPM's report—the alleged double reporting—was inaccurate. As *Kohut* held, however, it is not false, deceptive, or misleading for RPM to report it was attempting or unable to collect a valid debt. *See Kohut*, 2004 U.S. Dist. LEXIS 15724, at *9. This is true even if RPM knew its report would lead to a duplicate entry for the same debt. *See id.* Therefore, Plaintiff's allegations under §1692e are meritless and the Court should grant RPM's Motion for Judgment on the Pleadings.

### c. RPM Did Not Violate § 1692f

Plaintiff alleges RPM used unfair means in collecting the DTV debt by giving the appearance that Plaintiff was twice delinquent in violation of 15 U.S.C. § 1692f. (FAC at ¶ 29.) However, Plaintiff alleges no facts different from his allegations that RPM violated sections 1692d and 1692e. Regardless, the evidence included in RPM's Answer establishes RPM did not use unfair or unconscionable means because it shows the alleged double reporting never occurred. Accordingly, the Court should grant the Motion for Judgment on the Pleadings.

15 U.S.C. § 1692f precludes the use of unfair or unconscionable means to collect or attempt to collect any debt.  This Section, too, includes a non-exhaustive list of examples of conduct that violate the Section.  *See id.* at § 1692f(1)–(8).  Although the FDCPA does not define "unfair and unconscionable," "the Second Circuit has stated that the term refers to a practice that is 'shockingly unjust or unfair, or affronting the sense of justice, decency, or reasonableness."  *Moorer v. U.S. Bank, N.A.*, No. 3:17-CV-00056 (VAB), 2018 U.S. Dist. LEXIS 14067, at *54 (D. Conn. Jan. 29, 2018) (quoting *Arias v. Gutman, Mintz, Baker & Sonnenfeldt, LLP*, 875 F.3d 128, 135 (2d Cir. 2017)); *see also Gallego v. Northland Grp., Inc.*, 814 F.3d 123, 128 (2d Cir. 2016).  "Courts have dismissed Section 1692f claims that do 'not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.'"  *Ashlund v. I.C. Sys., Inc.*, No. 3:17-CV-00065 (JBA), 2018 U.S. Dist. LEXIS 119605, at *12 (D. Conn. July 17, 2018) (quoting *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)).

Absent from the FAC are any allegations that RPM engaged in conduct that was "shockingly unjust or unfair" or "affront[ed] the sense of justice, decency, or reasonableness."  *Moorer*, 2018 U.S. Dist. LEXIS 14067, at *54 (citation and internal quotation marks omitted).  Plaintiff supports his assertion that RPM violated § 1692f by repeating the same allegations of double reporting as he alleged in his claims that RPM violated §§ 1692d and 1692e.  (*See* FAC at ¶ 29.)  Specifically, he claims RPM's alleged double reporting was unfair because it provided the impression that he was twice delinquent, which negatively impacted his debt to income ratio.  (*Id.*)  Because Plaintiff's claim that RPM's conduct was unfair and unconscionable is based on the same alleged conduct as his §§ 1692d and 1692e claims, his claim that RPM violated § 1692f must fail.  *See Ashlund*, 2018 U.S. Dist. LEXIS 119605, at *12.

Moreover and importantly, the evidence included in RPM's Answer establishes RPM used no unfair or unconscionable means in attempting to collect the DTV debt. As reiterated throughout this memorandum, RPM and ICS reported the debt using the same DTV account number ending in 3650. (*See* Doc. No. 31-1 at 3, ¶¶ 13, 15; Doc. No. 31-2 at 2; Doc. No. 31-3 at 3, ¶¶ 13, 15; Doc. No. 31-4 at 2.) The numbers beginning with 5858 and 9598 are RPM's and ICS's respective internal reference numbers. (*See* Doc. No. 31-1 at 3, ¶ 14; Doc. No. 31-3 at 3, ¶ 14.) Therefore, there was no deception, or attempt to deceive, on the part of either RPM or ICS in attempting to collect Plaintiff's debt. Additionally, there was no period of time when RPM and ICS simultaneously reported Plaintiff's debt. The exhibits verify RPM last reported the debt on January 5, 2019, and ICS first reported the debt on April 7, 2019. (*See* Doc. No. 31-1 at 3, ¶ 16–17; Doc. No. 31-2 at 3; Doc. No. 31-4 at 2.) Accordingly, regardless of whether Plaintiff alleged the same conduct to support his Section 1692f claim as he alleged to support his claims under Sections 1692d and 1692e, the evidence confirms the conduct was in no way unfair or unconscionable. Because the Court cannot draw a reasonable inference that RPM violated Section 1692f of the FDCPA, it should grant RPM's Motion for Judgment on the Pleadings.

## IV.   CONCLUSION

The evidence that RPM submitted with its Answer and Affirmative Defenses leaves no facts in dispute and leads the Court to only one reasonable conclusion: that RPM did not violate the FDCPA while attempting to collect the DTV debt. The evidence establishes that RPM and ICS reported the debt using the same DTV account number and that they never simultaneously reported the debt. No double reporting occurred and, therefore, RPM did not harass or abuse Plaintiff, make any false representations in attempting to collect the debt, or use unfair or unconscionable practices in attempting to collect the debt. The exhibits attached to RPM's Answer

confirm that the alleged double reporting never occurred.  As such, Plaintiff's claims that RPM violated §§ 1692d, 1692e, and 1692f of the FDCPA must fail.  Accordingly, the Court should grant RPM's Motion for Judgment on the Pleadings.

                              Respectfully Submitted,

                              DEFENDANT,
                              RECEIVABLES PERFORMANCE
                              MANAGEMENT LLC

                              By  /s/ *Thomas C. Blatchley*
                                  Thomas C. Blatchley
                                  Gordon & Rees Scully Mansukhani, LLP
                                  95 Glastonbury Boulevard, Suite 206
                                  Glastonbury, CT 06033
                                  Phone: 860-494-7525
                                  Fax: 860-560-0185
                                  Email: tblatchley@grsm.com

## **CERTIFICATION**

I hereby certify that on this 15th day of September 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

/s/ *Thomas C. Blatchley*_____
Thomas C. Blatchley