UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL REYES | ) | 3:19-CV-01207 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RECEIVABLES PERFORMANCE | ) | |
| MGMT, LLC | ) | MARCH 11, 2021 |
| *Defendant*. | | |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT'S MOTION TO PRECULDE PLAINTIFF'S EXPERT, ECF NO. 46**

Kari A. Dooley, United States District Judge:

Pending before the Court is Defendant's motion to preclude Plaintiff's expert, at ECF No. 46. The motion is DENIED, but, pursuant to Fed. R. Civ. P. 37(c)(1)(A), the Court orders other relief for the reasons set forth below.

**Background and Procedural History**

Plaintiff-Paul Reyes filed this action against Defendant-Receivables Performance Management, LLC ("RPM") on August 5, 2019. The amended complaint, which was filed on June 7, 2020, alleges that RPM, a debt collector, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by attempting to collect on one of Plaintiff's debts at the same time as another debt collector. Plaintiff has filed related actions against this other debt collector as well as against a credit reporting agency, *Reyes v. IC System, Inc*, No. 3:19-CV-01206-RNC, and *Reyes v. TransUnion*, *LLC*, No. 3:21-cv-00069-KAD, respectively.

RPM answered the amended complaint on July 27, 2020 and thereafter filed a motion for judgment on the pleadings on September 15, 2020. The motion was fully briefed on November 17, 2020. On January 7, 2021, the day before a Court scheduled telephonic status conference, the parties filed a joint motion to stay discovery. At the status conference, in light of the litigation's progress and

the impending discovery deadline, the Court denied the parties motion to stay discovery and converted the Rule 12(c) Motion for Judgment on the Pleadings to a Rule 56 Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(d).  The Court entered orders to this effect following the conference. (ECF No. 41.)

During the status conference, the Court specifically elicited from the parties what needed to be done to complete discovery in preparation for briefing the now converted motions for summary judgment. Plaintiff, in response to this inquiry, expressed the need for a motion a to compel, which the Court directed be filed by January 15, 2021.[1] Other than Plaintiff's discussion of the motion to compel, neither party indicated that the proposed discovery deadline was insufficient. Nor did either party mention the need for expert discovery or an intention to disclose or engage in expert discovery, and the Court would not have anticipated any such discussion insofar as the applicable deadline for expert disclosures had passed on November 1, 2020. (Rule 26(f) Planning Meeting, ECF No. 17.) Based upon this discussion, the Court modified the existing scheduling order to provide the parties additional time to both complete discovery and file supplemental briefs with respect to the converted summary judgment motion.  Discovery was extended to February 21, 2021 and supplemental briefing was ordered for March 12, 2021. The deadline for supplemental briefing was later extended to March 22, 2021.

Notwithstanding the discussion held at the status conference, and the schedule set as result of that discussion, on February 1, 2021, Plaintiff disclosed an expert and delivered the expert's report to the defendant. RPM filed the instant motion to preclude Plaintiff's expert witness on February 22, 2021. The Court set an expedited briefing schedule, and the motion was fully briefed on March 5, 2021.

---

[1] The motion to compel was referred for resolution to Magistrate Judge Robert A. Richardson on January 19, 2021, and the motion remains pending. (ECF No. 43.)

**Discussion**

Rule 26(a)(2)(D) provides that a "party must make [expert witness] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Additionally, the Court may, "on motion and after giving an opportunity to be heard . . . impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(C); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006) ("[T]he plain text of the rule provides that if an appropriate motion is made and a hearing has been held, the court does have discretion to impose other, less drastic, sanctions.").

Disciplinary sanctions under Rule 37 serve three purposes: to ensure that a party will not benefit from its own failure to comply, to serve as specific deterrents against similar behavior and to obtain compliance with the particular order issued, and to serve as a general deterrent against noncompliance with the court's orders, provided that the party against whom they are imposed was in some sense at fault. *See Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)). Sanctions are not warranted if the failure to make the required disclosure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Moreover, the court's decision to impose disciplinary sanctions should be informed by several factors, to include: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). "None of these factors are dispositive and each

factor is to be balanced against the others in making the determination." *Lab Crafters, Inc. v. Flow Safe, Inc.*, No. CV–03–4025 (SJF)(ETB), 2007 WL 7034303, at *6 (E.D.N.Y. Oct. 26, 2007) (citing *Softel*, 118 F.3d at 962).

### *The Party's Explanation for the Failure to Comply*

The first factor weighs in favor of granting the motion to preclude. Plaintiff takes no ownership of his failure to meet the prior deadline, seek an extension of the prior deadline, or disclose at the status conference the need for expert discovery. Rather, Plaintiff blames RPM's purported refusal to act in good faith during the discovery period which, he alleges, resulted in delays that then lead to Plaintiff's inability to timely decide upon and disclose his expert witness. Plaintiff offers, as examples of RPM's evasive discovery practices, the circumstances that lead to Plaintiff's motion to compel and the fact that RPM produced additional documents on February 23, 2021, following a deposition. These additional documents allegedly necessitated the supplemental expert report included with Plaintiff's Opposition Memorandum as Exhibit D.

Although Plaintiff's argument is consistent with the unfortunate tenor and tone of this litigation, it ignores several salient facts. The delay in identifying the discovery dispute necessitating the motion to compel was at least in part due to the fact that Plaintiff's counsel overlooked, for over two months, that RPM had responded to Plaintiff's discovery, and Plaintiff therefore did not raise his concerns regarding the response in a timely fashion. Further, Plaintiff's argument does not explain why he did not seek an extension of the expert disclosure deadline prior to its passing, or even explain why such a motion was not filed on a *nunc pro tunc* basis when the report was disclosed. The Court cannot conceive the genesis of the Plaintiff's posture that he was simply free to disclose an expert at this late date. His umbrage that the Defendant would seek to preclude the expert under these circumstances is remarkable. Moreover, as RPM observes, the

expert's initial report, which is dated January 28, 2021 and which was served on February 1, 2021, relied upon only Plaintiff's credit report, dated June 1, 2019, and the Complaint. Clearly, if those two documents alone were sufficient to obtain an expert's report, the need for expert testimony could have been considered and decided well in advance of the November 1, 2020 deadline. Plaintiff offers no satisfactory explanation as to why he could not have met the November deadline given the contents of the initial report.

Also concerning to the Court is the fact that Plaintiff's submission does not account for counsel's failure to address the need for expert testimony during the January 8 telephonic status conference. The Court heard from both parties concerning the adjusted timeline to complete discovery, and Plaintiff's counsel made no mention of the need for expert discovery. Indeed, Plaintiff not only failed to comply with the Court's scheduling order, but Plaintiff also failed to provide the Court with the information necessary to set an effective schedule going forward.  In sum, Plaintiff's failure to comply with the expert discovery deadline was not, under any reading of the phrase, "substantially justified." Fed. R. Civ. P. 37(c)(1).

### *The Importance of the Testimony*

Plaintiff offers three reasons why the expert's testimony is important to the case. He asserts that the expert will contribute to: (1) Plaintiff's burden of establishing that RPM's actions were deceptive or misleading, (2) the determination of damages, and (3) a rebuttal of RPM's representations that its reporting protocols were in keeping with industry standards. In response, RPM argues that the expert's testimony is irrelevant because the facts underpinning the expert's opinion are not the facts of this case and because the expert did not clearly indicated that he, as a matter of fact, considered the material relevant to RPM's representations. Both of these arguments

are more akin to evidentiary objections and do not specifically address the importance of the testimony for purposes of the Court's Rule 37 analysis.[2]

Although a close call because there may be other ways of proving these matters, *see Softel*, 118 F.3d at 962 (illustrating that other ways of presenting the evidence may reduce the importance of a particular expert's testimony), the Court concludes that this factor weighs in favor of allowing the expert disclosure.

### *Prejudice Suffered by the Opposing Party*

RPM has defended this action, at least since November 1, 2020, on the well-founded understanding that the case would not involve expert witnesses. At a time when dispositive motions are filed and in supplemental briefing, and three weeks before the close of discovery, Plaintiff disclosed an expert. If permitted, RPM would be required to expend resources to depose Plaintiff's expert, consider the impact of the expert on the defense strategy, and potentially find a rebuttal expert. And although RPM has not yet committed to finding a rebuttal expert, the Court notes that the expert's supplemental report explicitly calls into question whether RPM followed industry standards, a subject about which experts are normally called upon and, if included, may change the contours of the case considerably. Trial by surprise is a prejudicial tactic: "As the parties well know, the purpose of the discovery Rules is to achieve disclosure of all the evidence relevant to the merits of a controversy." *Beyer v. Anchor Insolation Co., Inc.*, 3:13 CV 1576 (JBA), 2016 WL 3676091, at *5 (D. Conn. July 6, 2016).

Although Plaintiff contends that RPM's argument is internally inconsistent, the Court is not persuaded. Whether an expert witness is important to one party's case is a separate inquiry from whether allowing that witness to be disclosed will prejudice the non-disclosing party.

---

[2] The Court does not opine on the ultimate admissibility of Plaintiff's expert testimony, and the Court's decision does not limit RPM in advancing any objections to same.

Important fact witnesses, for example, may offer critically important testimony but may not present prejudice to an opposing party if disclosed late in the litigation. *See Softel*, 118 F.3d at 962 (discussing *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988) and noting that the more technical or specialized the testimony offered, the more likely it is that the tardy disclosure of that testimony will be prejudicial). Accordingly, the Court concludes that this factor weighs in favor of granting the motion to preclude.

### *Possibility of Continuance*

Where no trial date has been set, continuance is a more realistic possibility than it otherwise might be, and this factor generally weighs in favor of permitting the contested witness. *See Lassen v. Hoyt Livery, Inc.*, No. 3:13-cv-01529 (VAB), 2015 WL 2352491, at *3 (D. Conn. May 15, 2015) (citing *Design Strategy, Inc.*, 469 F.3d at 297) (other citations omitted). Indeed, the longer the period of time that discovery has been closed and the closer the case is to a trial date, the more heavily the situation cautions against granting a continuance. *See Design Strategy, Inc.*, 469 F.3d at 297.

Here, a trial date has not been set, and, although discovery ostensibly closed on February 21, there is a still outstanding motion to compel. So, discovery is at least in some respects still open. Further, the prejudice to RPM arising out of the filing of the dispositive motion can be mitigated by continuing the briefing deadline on the converted motion for summary judgment.[3] The increased costs and resources that RPM will now have to devote to the defense of this action can also be mitigated by shifting some of those costs to the Plaintiff, as a lesser sanction for the unjustified late disclosure. *See Equant Integrations Servs., Inc. v United Rentals (North America), Inc.*, 217 F.R.D. 113, 118 (D. Conn. 2003) (denying motion to preclude but shifting the cost of

---

[3] There may be alternative means for mitigating this prejudice, which the Court will address at a telephonic status conference as discussed *infra*.

additional expert depositions to the offending party); *see also Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979) (noting that Rule 37 provides for a "spectrum of sanctions," of which an order to reimburse the opposing party for expenses caused by its failure is a part).

**Conclusion**

While by no means an obvious outcome, and notwithstanding the Court's significant concerns regarding Plaintiff's conduct,[4] the Court finds that the Plaintiff's delay in disclosing its expert witness, under all of these circumstances, does not warrant preclusion. The Court reaches this conclusion principally because the prejudice to RPM can be mitigated through a variety of mechanisms and because Plaintiff's expert appears to be important to his case. The motion to preclude is therefore DENIED.

However, in an effort to diminish the harm and prejudice caused by Plaintiff's late disclosure and pursuant to Fed. R. Civ. P. 37(c)(1)(A), the Court ORDERS as follows:

Plaintiff shall bear the costs incurred in connection with the deposition of Ramsey Coulter in this case, to include the expert's fees, RPM's attorneys' fees, and the recording or transcription costs of the deposition. Plaintiff's obligation in this regard is capped at $3,500.00.

Finally, given the significant change to the litigation landscape occasioned by Plaintiff's untimely expert disclosure, the Court is of the view that the decisions made on January 8, 2021 at the status conference should be revisited. Accordingly, the parties shall appear for a telephonic status conference on March 15, 2021. A separate calendar shall issue.

---

[4] In addition to the issues identified above, the Court observes that Plaintiff's counsel did not respond to RPM's allegation that Plaintiff's counsel acknowledged that he missed the disclosure deadline because it "unfortunately came up too quickly." (Blatchley Aff. ¶ 23, ECF No. 46-2.) This concession, especially in the context of the wider record, could be perceived as a tacit admission that counsel has been less than diligent in prosecuting discovery and, more troubling, less than candid with the Court.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of March 2021.

       /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

Case 3:19-cv-01207-KAD   Document 52   Filed 03/11/21   Page 9 of 9